**BRYAN CAVE LLP**
1290 Avenue of the Americas
New York, New York 10104
Noah Weissman (NW-8592)
Jessica Fischweicher (JF-9471)
Telephone: (212) 541-2000
Facsimile: (212) 541-4630

*Attorneys for Defendant CitiMortgage, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

CRAIG DOUGLAS ANAPOL,          :     Index No. 14-7003 (VEC)
                               :
                Plaintiff,     :
                               :     ANSWER TO AMENDED
        v.                     :     COMPLAINT
                               :
CITIMORTGAGE, INC., CITIGROUP, INC., and   :
CITIBANK, N.A.,                :
                               :
                Defendants.    :
                               :

-------------------------------------------------------------------- x

Defendant CitiMortgage, Inc. ( "Defendant") by its attorneys, Bryan Cave LLP, as and

for its Answer to the amended complaint (the "Complaint") of plaintiff Craig Douglas Anapol

("Plaintiff"), states as follows:

1.      Paragraph 1 of the Complaint does not allege any actions by Defendant, but rather

allegedly cites to the Fair Credit Reporting Act and as such no response is required.  However, to

the extent a response is required, denies the allegations contained in Paragraph 1 and refers to

applicable law.

2.      Denies the allegations contained in Paragraph 2 of the Complaint and

affirmatively alleges that on or about September 15, 2005, Plaintiff obtained a mortgage loan

from Defendant, in the amount of $329,400.00, encumbering the property located at 211 East

53rd Street, #10H, New York, New York 10022 (the "Loan").

3.      Denies the allegations contained in Paragraph 3 of the Complaint.

1

/1861045.4.1

4.     Denies the allegations contained in Paragraph 4 of the Complaint.

5.     Denies the allegations contained in Paragraph 5 of the Complaint.

6.     The allegations contained in Paragraph 6 of the Complaint state a legal conclusion, to which a response is not required. To the extent a response is required, denies the allegations contained in Paragraph 6 of the Complaint.

7.     Paragraph 7 of the Complaint does not allege any actions by Defendant, but rather allegedly cites to the Fair Credit Reporting Act and as such no response is required. However, to the extent a response is required, denies the allegations contained in Paragraph 7 and refer to applicable law.

8.     Denies the allegations contained in Paragraph 8 of the Complaint.

9.     The allegations contained in Paragraph 9 of the Complaint state a legal conclusion, to which a response is not required. To the extent a response is required, denies the allegations contained in Paragraph 9 of the Complaint.

10.     The allegations contained in paragraph 10 of the Complaint regarding Plaintiff's status as a "consumer" under applicable law state a legal conclusion, to which a response is not required. To the extent a response is required, denies the allegations contained in paragraph 10 of the Complaint regarding Plaintiff's "consumer" status and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of the Complaint.

11.     Denies the allegations contained in Paragraph 11 of the Complaint and affirmatively alleges that CitiMortgage, Inc. is a subsidiary of Citibank, N.A.; Citibank, N.A. is a subsidiary of Citicorp; and Citicorp is a subsidiary of Citigroup Inc.

12.     Admits the allegations contained in Paragraph 12 of the Complaint.

13.    Admits that CitiMortgage, Inc. is the mortgagee for the mortgage for the Loan and that CitiMortgage, Inc. is an indirect subsidiary of Citigroup Inc., and denies the remaining allegations contained in Paragraph 13 of the Complaint.

14.    Admits that Citibank, N.A. is an indirect subsidiary of Citigroup Inc. and denies the remaining allegations contained in Paragraph 14 of the Complaint.

15.    Paragraph 15 of the Complaint does not allege any actions by Defendant, and as such no response is required.  However, to the extent a response is required, admits that Plaintiff refers to the various Citi entities as "Defendants."

16.    The allegations contained in Paragraph 16 of the Complaint state a legal conclusion, to which a response is not required.  To the extent a response is required, denies the allegations contained in Paragraph 16 of the Complaint.

17.    The allegations contained in Paragraph 17 of the Complaint state a legal conclusion, to which a response is not required.  To the extent a response is required, admits the allegations contained in Paragraph 17 of the Complaint.

18.    The allegations contained in Paragraph 18 of the Complaint state a legal conclusion, to which a response is not required.  To the extent a response is required, admits the allegations contained in Paragraph 18 of the Complaint.

19.    Admits that Plaintiff had a mortgage where CitiMortgage, Inc. was the mortgagee for the property located at 211 East 53rd Street, Apartment 10H, New York, New York 10022 and denies the remaining allegations contained in Paragraph 19 of the Complaint.

20.    The allegations contained in Paragraph 20 of the Complaint state a legal conclusion, to which a response is not required.  To the extent a response is required, admits the allegations contained in Paragraph 20 of the Complaint.

21.    Denies the allegations contained in Paragraph 21 of the Complaint.

22.    Denies the allegations contained in Paragraph 22 of the Complaint.

23.     Denies the allegations contained in Paragraph 23 of the Complaint.

24.     Admits that Plaintiff made certain payments to CitiMortgage, Inc. by telephone, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 of the Complaint.

25.     Denies the allegations contained in Paragraph 25 of the Complaint.

26.     Denies the allegations contained in Paragraph 26 of the Complaint.

27.     Denies the allegations contained in Paragraph 27 of the Complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30.     Denies the allegations contained in Paragraph 30 of the Complaint and refers to the referenced document for a full and complete statement of its terms.

31.     Denies the allegations contained in Paragraph 31 of the Complaint and refers to the referenced document for a full and complete statement of its terms.

32.     Denies the allegations contained in Paragraph 32 of the Complaint.

33.     Denies the allegations contained in Paragraph 33 of the Complaint.

34.     Denies the allegations contained in Paragraph 34 of the Complaint and refers to the referenced document for a full and complete statement of its terms.

35.     Admits that Plaintiff's mortgage loan was reported as delinquent as appropriate, and denies the allegations contained in Paragraph 35 of the Complaint.

36.     Denies the allegations contained in Paragraph 36 of the Complaint.

37.     Denies the allegations contained in Paragraph 37 of the Complaint.

4

38.     Denies the allegations contained in Paragraph 38 of the Complaint regarding inaccurate reporting to credit agencies, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38 of the Complaint.

39.     The allegations contained in Paragraph 39 of the Complaint regarding the Fair Credit Reporting Act state a legal conclusion, to which a response is not required.  To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint regarding the Fair Credit Reporting Act.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39 of the Complaint.

40.     Denies the allegations contained in Paragraph 40 of the Complaint.

41.     The allegations contained in Paragraph 41 of the Complaint state a legal conclusion, to which a response is not required.  To the extent a response is required, denies the allegations contained in Paragraph 41 of the Complaint.

42.     The allegations contained in Paragraph 42 of the Complaint state a legal conclusion, to which a response is not required.  To the extent a response is required, denies the allegations contained in Paragraph 42 of the Complaint.

43.     Denies the allegations contained in Paragraph 43 of the Complaint.

44.     Denies the allegations contained in Paragraph 44 of the Complaint.

45.     With regard to Paragraph 45 of the Complaint, repeats and realleges the responses to each and every allegation set forth in Paragraphs 1 through 44 of the Complaint, as if such responses were fully set forth herein.

46.     The allegations contained in Paragraph 46 of the Complaint state a legal conclusion, to which a response is not required.  To the extent a response is required, denies the allegations contained in Paragraph 46 of the Complaint.

/1861045.4.1

47.     The allegations contained in Paragraph 47 of the Complaint state a legal conclusion, to which a response is not required.  To the extent a response is required, denies the allegations contained in Paragraph 47 of the Complaint.

48.     The allegations contained in Paragraph 48 of the Complaint state a legal conclusion, to which a response is not required.  To the extent a response is required, denies the allegations contained in Paragraph 48 of the Complaint.

49.     With regard to Paragraph 49 of the Complaint, repeats and realleges the responses to each and every allegation set forth in Paragraphs 1 through 48 of the Complaint, as if such responses were fully set forth herein.

50.     Admits the allegations contained in Paragraph 50 of the Complaint.

51.     Denies the allegations contained in Paragraph 51 of the Complaint.

52.     Denies the allegations contained in Paragraph 52 of the Complaint.

53.     Denies the allegations contained in Paragraph 53 of the Complaint.

54.     With regard to Paragraph 54 of the Complaint, repeats and realleges the responses to each and every allegation set forth in Paragraphs 1 through 53 of the Complaint, as if such responses were fully set forth herein.

55.     Denies the allegations contained in Paragraph 55 of the Complaint.

56.     Denies the allegations contained in Paragraph 56 of the Complaint.

57.     Denies the allegations contained in Paragraph 57 of the Complaint.

58.     Paragraph 58 of the Complaint does not allege any actions by Defendants, and as such no response is required.  However, to the extent a response is required, denies the allegations contained in Paragraph 58 and refer to applicable law.

## AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

59.     Plaintiff fails to state a cause of action upon which relief may be granted.

/1861045.4.1

### AS AND FOR THE SECOND AFFIRMATIVE DEFENSE

60.     Plaintiff's claims are barred by the applicable statutes of limitation, statutes of repose and for a failure to timely seek the relief requested.

### AS AND FOR THE THIRD AFFIRMATIVE DEFENSE

61.     Plaintiff's claims are barred by the doctrine of estoppel, laches, waiver and unclean hands.

### AS AND FOR THE FOURTH AFFIRMATIVE DEFENSE

62.     Plaintiff's claims against Defendant are barred because he has suffered no damages compensable from Defendant.

### AS AND FOR THE FIFTH AFFIRMATIVE DEFENSE

63.     Plaintiff's claim for willful violation of the Fair Credit Reporting Act ("FCRA") is barred and fails because the Complaint does not and cannot allege any facts showing intentional or reckless actions by Defendant directed to Plaintiff.

### AS AND FOR THE SIXTH AFFIRMATIVE DEFENSE

64.     Plaintiff is not entitled to recover punitive damages because Plaintiff has not set forth sufficient factual or legal basis for the recovery of punitive damages.

### AS AND FOR THE SEVENTH AFFIRMATIVE DEFENSE

65.     Defendant has at all times complied with the FCRA.

### AS AND FOR THE EIGHTH AFFIRMATIVE DEFENSE

66.     Plaintiff failed to mitigate his damages, if any.

### AS AND FOR THE NINTH AFFIRMATIVE DEFENSE

67.     Plaintiff's claims are barred by his own negligence and/or comparative fault.

### AS AND FOR THE TENTH AFFIRMATIVE DEFENSE

68.     Plaintiff's Complaint, in whole or in part, is controverted by documentary evidence.

7

/1861045.4.1

## AS AND FOR THE ELEVENTH AFFIRMATIVE DEFENSE

69.     Plaintiff lacks standing to assert a private cause of action under the FCRA

## AS AND FOR THE TWELFTH AFFIRMATIVE DEFENSE

70.     Plaintiff's claim against Defendant is barred by the limitation on liability set forth in 15 U.S.C. § 1681h(e).

WHEREFORE, Defendant CitiMortgage, Inc. respectfully demands judgment as follows:

(i)     dismissing the Complaint against Defendant CitiMortgage, Inc. in its entirety, with prejudice and without leave to replead; and

(ii)    granting such other, further and different relief as this Court deems just and proper.

Dated:  New York, New York
        May 20, 2015

BRYAN CAVE LLP


By:  /s/ Noah Weissman
        Noah Weissman (NW-8592)
        Jessica Fischweicher (JF-9471)
1290 Avenue of the Americas
New York, New York 10104
Tel: (212) 541-2000
Fax: (212) 541-4630

*Attorneys for Defendant CitiMortage, Inc.*

8

/1861045.4.1